**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 11-4903**

―――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MICHAEL J. PAVLOCK,

                Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge.  (1:10-cr-00007-IMK-JSK-1)

―――――――

Submitted:  July 31, 2012          Decided:  September 20, 2012

―――――――

Before SHEDD, KEENAN, and FLOYD, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

David M. Lynch, Wickliffe, Ohio, for Appellant.   William J.
Ihlenfeld, II, United States Attorney, Andrew R. Cogar,
Assistant United States Attorney, Clarksburg, West Virginia, for
Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael J. Pavlock was convicted following a jury trial of twelve counts of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2012), and three counts of making false entries in a bankruptcy document, in violation of 18 U.S.C. § 1519 (2006). Pavlock was sentenced to 324 months in prison. On appeal, he challenges the sufficiency of the evidence supporting each count of conviction. For the reasons stated below, we affirm.

We first address Pavlock's multiple motions to proceed pro se on appeal. A defendant has no constitutional right to self-representation on appeal. Martinez v. Court of Appeal of Cal., 528 U.S. 152, 163-64 (2000); United States v. Gillis, 773 F.2d 549, 560 (4th Cir. 1985). Furthermore, Pavlock delayed considerably in informing this court of his desire to proceed pro se, see 4th Cir. R. 46(f), and has not identified the issues he seeks to pursue that have not been addressed by counsel. Therefore, we deny Pavlock leave to proceed pro se.

Turning to Pavlock's contention that the evidence was insufficient to support any of his fifteen counts of conviction, we conclude that the issues he seeks to raise on appeal are not properly before us. When, as here, "a defendant raises specific grounds in a [Fed. R. Crim. P.] 29 motion, grounds that are not specifically raised are waived on appeal." United States v.

2

Chong Lam, 677 F.3d 190, 200 (4th Cir. 2012); see also United States v. Cooper, 654 F.3d 1104, 1117-18 (10th Cir. 2011).

Pavlock's Fed. R. Crim. P. 29(c) motion before the district court maintained only that the evidence was insufficient as to a specific element of four of his twelve counts of wire fraud. The district court denied the motion without addressing the sufficiency of the evidence as to any of the other counts. On appeal, however, Pavlock has abandoned the arguments raised below and seeks to challenge the sufficiency of the evidence through claims neither asserted nor considered in the district court. Consequently, we find that he has waived them on appeal. Chong Lam, 677 F.3d at 200.

Further, and notwithstanding this waiver, Pavlock has failed to offer any credible reason to question the validity of his convictions. Generally, we must "sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008) (internal quotation marks omitted). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We will "not review the credibility of the witnesses and assume that the jury resolved all

3

contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007); see United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010). A defendant challenging the sufficiency of the evidence "bears a heavy burden," as reversal of a conviction for insufficient evidence is limited to "the rare case where the prosecution's failure is clear." Ashley, 606 F.3d at 138 (internal quotation marks omitted).

All of Pavlock's assertions on appeal either ignore the theory of liability under which he was prosecuted, ask us to improperly construe the evidence in the light most favorable to him, or seek to have this court impermissibly reject credibility determinations entrusted to the jury. Therefore, we affirm the judgment below and deny Pavlock's motions to relieve counsel and proceed pro se. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED